IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA LOPEZ, as ADMINISTRATRIX OF THE ESTATE OF VALLIA VALENE KARAHARISIS, | : : : : | NO. 2:15-CV-05059-JS |
| Plaintiff | : : | CIVIL ACTION – LAW |
| v. | : : | JUDGE JUAN R. SANCHEZ |
| BUCKS COUNTY; PRIMECARE MEDICAL, INC.; KRISTIN SZUCH HUI, LPN; MEDICAL JOHN DOES 1–10; and CORRECTIONAL JOHN DOES 1-10; | : : : : : | *ELECTRONICALLY FILED* |
| Defendants | : : | JURY TRIAL DEMANDED |

**PRIMECARE MEDICAL DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, come the Defendants PrimeCare Medical, Inc. and Kristin Szuch Hui, LPN (hereinafter referred to collectively as PrimeCare Medical Defendants), by and through their counsel, Johnson, Duffie, Stewart & Weidner, P.C., who file this Answer with Affirmative Defenses to Plaintiff's Complaint by respectfully stating the following:

**I. PRELIMINARY STATEMENT**

1. Denied. The allegations contained in the Preliminary Statement of Plaintiff's Complaint (Doc. 1) are denied. The allegations alleged by Plaintiff have very little to do with the reality of the medical treatment which was provided to Plaintiff's Decedent. Plaintiff's Decedent was evaluated by medical personnel, was monitored for withdrawal, and received medications for withdrawal.

**II. JURISDICTION**

2. Admitted.

### III.  PARTIES

3. Denied.  After reasonable investigation, the PrimeCare Medical Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

4. Denied.  After reasonable investigation, the PrimeCare Medical Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

5. The averments contained in this paragraph are directed at a party other than the PrimeCare Medical Defendants, and therefore, no response is required.  If a response is required, said averment is denied.

6. Admitted in part; denied in part.  It is admitted that PrimeCare Medical, Inc. has a place of business at 3940 Locust Lane, Harrisburg, PA  17109 and that it has a contract with Bucks County to provide medical services to inmates at the Bucks County Correctional Facility.  The remainder of this allegation is denied in that it contains conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

7. Admitted.

8. The averments contained in this paragraph are directed at a party other than the PrimeCare Medical Defendants, and therefore, no response is required.  If a response is required, said averment is denied.

9. The averments contained in this paragraph are directed at a party other than the PrimeCare Medical Defendants, and therefore, no response is required. If a response is required, said averment is denied.

10. Admitted.

11. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

12. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## IV.  FACTUAL ALLEGATIONS

13. – 51. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained therein are denied.

## V.  WRONGFUL DEATH AND SURVIVAL ACTIONS

52. – 60. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained therein are denied.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### Plaintiff v. Defendants Hui, Medical Does 1-10 and Correctional Does 1-10
### Federal Constitutional Claims

61.     Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

### COUNT II
### Plaintiff v. Defendants Bucks County and PrimeCare, Inc.
### Federal Constitutional Claims

62.     Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

### COUNT III
### Plaintiff v. Defendants Hui, Medical Does 1-10 and PrimeCare
### State Law Negligence Claims

63.- 67.     Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained therein are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc. and Kristin Szuch Hui, LPN respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

### **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4

2. At all times material hereto, the Answering Defendants provided medical treatment which conformed to the applicable standard of care.

3. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4. Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

5. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

6. Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

7. The alleged negligence and/or deliberate indifference of the Answering Defendants did not cause Plaintiff's Decedent to suffer any injury.

8. At no time were Plaintiff's Decedent's constitutional rights violated.

9. At all times material hereto, the Answering Defendants are immune from suit.

10. PrimeCare Medical, Inc.'s policies and procedures conform to national accreditation standards.

11. Plaintiff's Decedent may have been a non-compliant patient.

12. Plaintiff's claims and/or alleged losses may be limited or barred by the two schools of thought doctrine.

13. The healthcare providers who provided treatment to Plaintiff's Decedent utilized their best professional judgment in evaluating and providing treatment.

14. Plaintiff cannot demonstrate any deficiencies in PrimeCare Medical, Inc.'s policies and procedures for the provision of medical care at the Bucks County Prison.

15. At all times material hereto, the practices of the Answering Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public, including to Vallia Valene Karaharisis.

16. At no time material hereto did the Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

17. Plaintiff and Plaintiff's Decedent did not suffer any injuries or damages as a result of any acts or omissions by the Answering Defendants.

18. Plaintiff's Decedent assumed the risk of harm by her own conduct.

19. Plaintiff's Decedent was evaluated upon intake to the facility and was provided medical treatment for her alleged medical conditions.

WHEREFORE, Defendants PrimeCare Medical, Inc. and Kristin Szuch Hui, LPN respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

> Respectfully submitted,
>
> JOHNSON, DUFFIE, STEWART & WEIDNER
>
> By: s/John R. Ninosky
> John R. Ninosky, Esquire
> Attorney I.D. No. 78000
> 301 Market Street ~P. O. Box 109
> Lemoyne, PA  17043-0109
> Telephone (717) 761-4540
> Email:  jrn@jdsw.com
> Attorneys for PrimeCare Medical, Inc. and
> Kristin Szuch Hui, LPN

Date:  October 7, 2015
733205

## **CERTIFICATE OF SERVICE**

I hereby certify on the 7th day of October, 2015, that the foregoing *PrimeCare Medical Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Jonathan H. Feinberg, Esquire
>Susan M. Lin, Esquire
>Kairys Rudovsky Messing & Feinberg, LLP
>The Cast Iron Building
>718 Arch Street, Suite 501 South
>Philadelphia, PA  19106
>jfeinberg@krlawphila.com
>slin@krlawphila.com
>*Attorneys for Plaintiff*

>>JOHNSON, DUFFIE, STEWART & WEIDNER

>>By:  s/John R. Ninosky
>>     John R. Ninosky