IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA LOPEZ | : | CIVIL ACTION |
| *AS ADMINISTRATRIX OF THE ESTATE* | : | |
| *OF VALLIA VALENE KARAHARISIS* | : | No. 15-5059 |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                             **July 5, 2016**

Plaintiff Loretta Lopez, as administratrix of the estate of Vallia Valene Karaharisis, who died while in the custody of the Bucks County Correctional Facility (BCCF), brings this civil rights wrongful death and survival action against Bucks County; PrimeCare Medical Inc., the medical services provider at BCCF; Kristin Szuch Hui, LPN, a PrimeCare nurse assigned to BCCF; and a number of Medical and Correctional John Does.  Following preliminary discovery, Lopez seeks leave to amend her Complaint to identify six medical John Does and three Correctional John Does.  Lopez also seeks an extension of the time for service, nunc pro tunc. For the reasons set forth below, both motions will be granted.

## BACKGROUND

On September 29, 2013, Karaharisis died as a result of heroin withdrawal while in the custody of the BCCF.  Just under two years later, on September 10, 2015, Lopez, Karaharisis's mother and the administratrix of her estate, filed this action pursuant to 42 U.S.C. § 1983 and state law, seeking to hold the County, PrimeCare, and certain medical and correctional personnel liable for Karaharisis's death.  Although the Complaint identified Hui as one of the individual Defendants, it identified the remaining individual Defendants as Medical and Correctional John Does, whose names were unknown to Lopez at the time of filing.  The Complaint described the

Correctional John Does as "correctional officers or supervisors employed by defendant Bucks County to work at BCCF," Compl. ¶ 9, who "were aware of Ms. Karaharisis'[s] patterns of heroin usage and the fact that she was undergoing detoxification from a heavy pattern of usage, but . . . took no action to monitor Ms. Karaharisis's medical status," *id.* ¶ 44.  Lopez promptly served the three named Defendants but, not knowing the names of the John Does, indicated she would "seek leave to amend the Complaint so as to name each appropriate defendant after initial discovery." *Id.* ¶¶ 8-9.

Lopez thereafter worked diligently and cooperatively with the named Defendants to move the case forward into discovery.  Discovery was delayed initially because the County requested a 30-day extension of the answer deadline, to which Lopez agreed.  After the County filed its Answer on November 6, 2015, Lopez contacted the named Defendants the next business day to schedule a Rule 26(f) conference, which was held on November 18, 2015.  Lopez again noted her intention to amend her Complaint to name the John Doe Defendants both in the Joint Rule 16 Conference Information Report the parties submitted to the Court on November 19, 2015, and at the November 23, 2015, Rule 16 conference.  Although Lopez and PrimeCare provided Rule 26(a) disclosures prior to the Rule 16 conference, as the Court directed in its Order scheduling the conference (and consistent with the timeframe set forth in the Conference Information Report), the County did not provide its disclosures until December 14, 2015, three weeks after the Rule 16 conference and almost four weeks after the parties' Rule 26(f) conference.[1]  In its disclosures, the County identified seven correctional officers or officials

---

[1] Under Federal Rule of Civil Procedure 26(a)(1)(C), initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order."  The County's disclosures were thus untimely, whether the deadline was "prior to the [November 23, 2015,] Rule 16 conference," as the Court ordered, *see* Order, Nov. 9, 2015, ECF No. 15, or at or within 14 days after the parties' November 18, 2015, Rule 26(f) conference.

"likely to have discoverable information," including five correctional officers likely to have "information regarding the care and custody provided to [Karaharisis] at the [BCCF]," and listed the contact information for each officer as "c/o" the County's counsel.  Pl.'s Mot. for Leave to Amend Ex. B, at 15-16.  The County also described various categories of documents in its possession, custody, or control, but did not produce any of those documents.

On December 23, 2015, a week after receiving the County's Rule 26(a) disclosures, Lopez wrote to the named Defendants, explaining that, although she was in a position to properly name the Medical John Does based on PrimeCare's Rule 26(a) disclosures, which included a document production, she needed additional time to determine which of the individuals listed in the County's disclosures to name in place of the Correctional John Does.  Lopez noted that while she could add each of the individuals listed in the County's disclosures as a defendant, she preferred to take "a more streamlined approach," adding "only those defendants whose conduct brings them specifically within the scope of the complaint."  *Id.* Ex B, at 19.  Lopez thus proposed seeking leave to amend as to both the Medical and Correctional John Does within 30 days after receipt of the County's response to her discovery requests, served weeks earlier on November 30, 2015, and asked Defendants to "let me know whether you have any objection to this approach and, likewise, whether you will consent to the filing of an Amended Complaint within this timeframe."  *Id.*  PrimeCare responded on January 4, 2016, noting it had no objection. *Id.* Ex. B, at 20.  Although the County provided responses to Lopez's discovery requests on January 4, 2016, it did not mention Lopez's earlier email about the timeframe for amendment and thus voiced no objection to her proposal.

Approximately one month later, on February 5, 2016, Lopez again wrote to the named Defendants, identifying the specific medical and correctional staff she wished to name in an

amended complaint and asking whether she could represent to the Court that her motion for leave to amend was unopposed.  PrimeCare again responded it had no objection.  The County initially did not respond but, after Lopez sent a follow-up email on February 9, 2016, advised Lopez on February 10, 2016, that it did not consent to the amendment on the ground that the statute of limitations had run.

On February 12, 2016, Lopez filed a motion for leave to amend, seeking to amend her Complaint to identify six Medical John Does and three Correctional John Does.  Although PrimeCare does not oppose the motion, the County argues leave to amend should be denied as futile because the statute of limitations has run on Lopez's claims against the individual correctional officers she seeks to add and the proposed amendment does not relate back to the date of her original, timely filed Complaint under Federal Rule of Civil Procedure 15(c)(1)(C). Following a teleconference with the parties about the motion for leave to amend on June 16, 2016, Lopez also filed a motion for leave to extend the time for service pursuant to Rule 4(m), as discussed during the call.  Although the County does not object to Lopez's request for an extension of time to serve the Amended Complaint, the County states that it does not admit Lopez's representations in her extension motion but instead incorporates its response to the motion for leave to amend in which it argues the proposed amendment is untimely and does not relate back to the date of Lopez's original Complaint.

**DISCUSSION**

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006).  Where, as here, a party seeks to amend its pleading more than 21 days after service of a Rule 12(b) motion and the opposing party does not consent, amendment is permitted only by leave of court, but such leave should be "freely give[n]

. . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given when the proposed amendment would be futile, such as when the amended complaint could not withstand a motion to dismiss on the basis of the statute of limitations.  *See Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003).  As noted, the County argues amendment would be futile here, as the two-year statute of limitations applicable to Lopez's § 1983 claims against the individual correctional officers expired no later than September 29, 2015, two years after the Karaharisis's death on September 29, 2013,[2] and Lopez's proposed amendment does not relate back to the date of her original Complaint.  The Court disagrees.

Under Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if (1) the amendment "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) within the same Rule 4(m) period, the party to be brought in "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(B), (C); *see also Garvin*, 354 F.3d at 222.

There is no dispute that the first requirement for relation back is satisfied in this case. Lopez's claims against the individual correctional officers she seeks to add are the same claims she previously asserted against the Correctional John Does in her original Complaint.  As such, these claims clearly arise "out of the conduct, transaction, or occurrence set out—or attempted to

---

[2] Section 1983 claims are subject to the statute of limitations applicable to personal injury actions in the state in which the claim arose.  *See Garvin*, 354 F.3d at 220.  In Pennsylvania, the applicable limitations period is two years.  *Id.*

be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The County does not suggest otherwise.

The second requirement for relation back—whether the individual correctional officers Lopez seeks to name in her Amended Complaint received notice of this action during the Rule 4(m) service period—is contested. Rule 4(m) specifies a presumptive time limit for service that may be extended, with or without good cause. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). At the time this case was filed, the presumptive time limit was 120 days,[3] and the briefing on Lopez's motion for leave to amend focuses on whether the individual correctional officers received notice of this action within the presumptive 120-day period. Lopez argues notice should be imputed to the individual officers under the "shared attorney" method, which is "based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" *Garvin*, 354 F.3d at 222-23 (quoting *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001)). The County argues this method of imputing notice is unavailable in this case because its counsel did not actually represent and had no communications with the individuals to be added within the 120-day service period applicable in this case.

Whether this case satisfies the requirements for relation back under the shared attorney method is a close question.[4] The Court need not resolve this issue, however, because even if

---

[3] Effective December 1, 2015, the presumptive time limit for service was reduced from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.

[4] To establish a basis for imputed notice under the shared attorney method, Lopez must show there was "some communication or relationship" between the County's counsel and the individual correctional officers she seeks to add prior to the expiration of the Rule 4(m) service period. *See Garvin*, 354 F.3d at 225; *see also Singletary*, 266 F.3d at 196-97 (noting the

"fundamental issue" as to whether notice can be imputed under the shared attorney method "is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant").  On the one hand, Lopez has produced the sort of evidence that has been held sufficient to support imputed notice under the shared attorney method in other cases in this district.  All three of the newly named correctional officers were identified by the County's counsel in the County's Rule 26(a) disclosures, which were produced within the service period, a circumstance that other courts have concluded "gives rise to the inference that the attorney for the original defendants, 'within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant.'"  *See Smith v. City of Phila.*, 363 F. Supp. 2d 795, 801 (E.D. Pa. 2005) (quoting *Garvin*, 354 F.3d at 225); *accord Sacko v. Trs. of Univ. of Pa.*, No. 14-831, 2014 WL 5297992, at *2 (E.D. Pa. Oct. 15, 2014).  Moreover, although the County's counsel did not enter an appearance for the Correctional John Does during the service period, the address provided by the County for each of the correctional officers identified in its Rule 26(a) disclosures was "c/o" the County's counsel, suggesting the officers were also represented by that same attorney.  *See Sacko*, 2014 WL 5297992, at *2 (holding notice of an action could be imputed to a newly named individual defendant under the shared attorney method where the same lawyer represented both the entity sued and another named individual defendant, making it reasonable to infer the lawyer would also represent the newly added defendant, and where the lawyer had identified the newly added defendant in response to discovery requests).

On the other hand, the County's counsel has submitted a sworn declaration representing that counsel neither represented nor had any communication with the newly named correctional officers during the 120-day service period.  *See* Bucks Cnty.'s Opp'n to Pl.'s Mot. for Leave to Amend Ex. A.  This declaration establishes that the newly named correctional officers did not receive actual notice of this action from the County's counsel during the 120-day period and thus negates the inference Lopez asks the Court to draw from the circumstantial evidence she has presented.  Whether notice can be imputed to the newly named correctional officers under the shared attorney method thus turns on the weight to be accorded counsel's declaration, an issue on which the law is not clear.  *Compare Garvin*, 354 F.3d at 224-26 (upholding a district court's finding that notice of a lawsuit could not be imputed under the shared attorney method where the plaintiff produced no evidence to support the inference that the deputy city solicitor who represented the originally named defendants had some communication or relationship with the newly named individuals during the service period and citing the solicitor's statement that she had not informed newly named individuals of the lawsuit), *and Ballard v. Williams*, No. 10-1456, 2012 WL 6138224, at *7 (M.D. Pa. Dec. 11, 2012) (declining to impute notice of a lawsuit to a newly named defendant under the shared attorney method where plaintiff presented no evidence of any communication or relationship between counsel for the originally named defendants and the newly named defendant, and where the newly named defendant had submitted a declaration stating she had first learned of the action almost two years after the service period lapsed), *with Sacko*, 2014 WL 5297992, at *2 n.1 (rejecting defense counsel's assertion that a newly named defendant had never been informed he might be named as a defendant in the suit, as the focus of the court's analysis is "on whether notice may be imputed to [the defendant] under the shared attorney or identity of interest methods, not on what defense counsel claims they may or may not have told him"), *and Montanez v. York City*, No. 12-1530,

Lopez has not shown the individual correctional officers received notice within the presumptive 120-day period, she has shown good cause to extend the Rule 4(m) service period.  The advisory committee's note to the 1991 amendment to Rule 15(c) contemplates that such an extension also extends the period in which notice of an action must be received for purposes of the relation back analysis, specifying that "[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), [Rule 15(c)] allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule . . . ." Fed. R. Civ. P. 15(c) advisory committee's note to 1991 amendment; *see also Keller v. United States*, 444 F. App'x 909, 912 (7th Cir. 2011) (observing a plaintiff's amended complaint would satisfy the notice requirement for relation back under Rule 15(c)(1)(C) "if [the defendant] received notice within 120 days—plus any extensions for good cause—of [plaintiff's] timely filed complaint"); *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (holding "Rule 15(c)'s notice period incorporates any extension of the 120-day period under Rule 4(m)").[5]  Because the Court will grant Lopez's request for an extension of the Rule 4(m) service period, and because

---

2014 WL 3534567, at *4 (E.D. Pa. July 16, 2014) (holding notice of a lawsuit could be imputed to a newly added defendant under the shared attorney method notwithstanding that defendant's submission of an affidavit attesting he did not have actual notice of the lawsuit); *cf. Hurst v. Beck*, No. 91-2492, 1992 WL 189496, at *4 (E.D. Pa. Aug. 3, 1992) (declining to consider a newly identified defendant's affidavit in evaluating whether a proposed amendment was futile "because the standard under 12(b)(6) [which governs futility] prohibits the consideration of documents outside the pleadings").

[5] Although the Third Circuit Court of Appeals has not addressed whether the Rule 15(c)(1)(C) notice period can be extended for good cause in a published opinion, a panel of the third Circuit suggested as much in *Green v. Robinson*, 112 F. App'x 166, 169-70 (3d Cir. 2004), observing, in evaluating whether a proposed amendment satisfied the requirements for relation back, that the Rule 4(m) period in which the party to be brought in must have received notice "is '120 days after the filing of the complaint' unless the 'plaintiff shows good cause for the failure,' in which case 'the court shall extend the time for service for an appropriate period.'"  The district courts within the Third Circuit are divided on the issue.  *See, e.g.*, *Miller v. City of Phila.*, No. 13-2145, 2014 WL 2957666, at *4 n.3 (E.D. Pa. June 27, 2014) (describing split of authority).

the newly identified correctional officers had actual notice of the pendency of this action and the claims Lopez seeks to assert against them no later than April 7, 2016,[6] well within the extended Rule 4(m) period, the second requirement for relation back is also satisfied.

In determining whether good cause exists to extend the Rule 4(m) time limit, the court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *Id.* (quoting *Petrucelli*, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)).

The Court finds Lopez has shown good cause for her failure to seek leave to amend and to serve the Correctional John Does within the presumptive 120-day service period.  As described above, Lopez notified the named Defendants and the Court from the outset of the case that she intended to amend the Complaint to name the John Does, and she diligently pursued discovery toward that end while also accommodating the County's need for additional time to respond to the Complaint and to provide Rule 26(a) disclosures.  Lopez reasonably expected she would be able to identify the potentially liable Correctional John Does upon receipt of the County's Rule 26(a) disclosures, and when those disclosures were not forthcoming, she served formal discovery requests.  Moreover, when Lopez eventually received the County's disclosures, she acted reasonably in proposing to defer her planned amendment until after receiving the

---

[6] According to Lopez's extension motion, by April 7, 2016, all three of the correctional officers she seeks to add had testified at depositions in this case and were confirmed to have actual notice of the action and the claims Lopez seeks to bring against them.

County's discovery responses to ensure that only those individuals integrally involved in the actions and inactions leading to Karaharisis's death were added as defendants rather than taking the scattershot approach of simply naming all of the individuals identified in the County's disclosures.  Given the history of cooperation and professional courtesies between the parties, Lopez reasonably understood the County's failure to respond to her email asking for objections to her proposed timeframe for amendment to signify that the County, like PrimeCare, did not object.  While the County's counsel now takes the position he could not have consented to Lopez's requested extension because he did not represent the individual correctional officers, counsel did nothing to alert Lopez to that fact.  If anything, the County's Rule 26(a) disclosures suggested otherwise by providing counsel's name and address as the contact information for the individuals identified therein.

Had the County's counsel alerted Lopez that counsel did not represent the individual correctional officers and could not consent to a timeframe for amendment on their behalf, Lopez could have pursued other options to ensure her amendment was timely.  For example, she could have sought leave to add as defendants all of the individuals identified in the County's Rule 26(a) disclosures, albeit perhaps without a good faith basis to assess their individual liability. Alternatively, she could have requested an extension of the Rule 4(m) service period prior to the expiration of that period.  The County's failure to voice its objection to Lopez's proposed course of action until after the 120-day service period lapsed effectively prevented Lopez from pursuing such options; in the absence of any objection, Lopez reasonably believed there was no need for her to do so.  Because Lopez exercised diligence in pursuing discovery in this case in a cooperative manner, delayed seeking leave to amend and serving an amended complaint in a good faith belief that all parties were in agreement about the timeframe for amendment, and had

a reasonable basis for not definitively identifying the Correctional John Does within the 120-day period so as to permit amendment and service within that period, the Court finds good cause to extend the Rule 4(m) service period, nunc pro tunc, and will therefore grant Lopez's extension motion.[7]   As set forth above, this extension also extends the notice period under Rule 15(c)(1)(C).  Because the individual correctional officers Lopez seeks to add received actual notice of this action within the extended notice period and because there is no suggestion these individuals will be prejudiced in defending this action on the merits, the second requirement for relation back is also satisfied.

Finally, having received actual notice within the extended service period that Lopez was seeking to add them as defendants in place of the Correctional John Does, the individual correctional officers also knew or should have known within the Rule 4(m) period that, but for a mistake concerning their identities, Lopez would have brought this action against them.  *See Smith*, 363 F. Supp. 2d at 803 & n.11 (noting a plaintiff's lack of knowledge of a particular defendant's identity can constitute a mistake under Rule 15(c)(1)(C)(ii) (formerly Rule 15(c)(3)(B)) in the Third Circuit).  Because Lopez's proposed Amended Complaint meets all three requirements for relation back, amendment is not futile.  Accordingly, Lopez's motion for leave to amend will be granted.

An appropriate order follows.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[7] Although Lopez requests an extension until April 7, 2016, the Court will extend the Rule 4(m) period until July 19, 2016, so as to ensure service of these individuals is completed within the extended period.