**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORETTA LOPEZ, as** | : | |
| **ADMINISTRATRIX of the ESTATE OF** | : | |
| **VALLIA VALENE KARAHARISIS,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **No. 15-5059** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BUCKS COUNTY; PRIMECARE** | : | |
| **MEDICAL, INC.; KRISTIN SZUCH** | : | |
| **HUI, LPN; MOHAMMAD JAFAR, MD;** | : | |
| **BRITTANIE GRANDINETTE, PA-C;** | : | |
| **CAROL HAFFT, LPN; KRISTIN HILL,** | : | |
| **LPN; JESSICA PADILLA, MED. ASST.;** | : | |
| **HEATHER JOHNSON, RN;** | : | |
| **CORRECTIONAL OFFICER K.** | : | |
| **SPADARO; CORRECTIONAL** | : | |
| **OFFICER A. POMALES; and** | : | |
| **CORRECTIONAL OFFICER R.** | : | |
| **MITCHELL,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW** this _____ day of _____, 2016, upon

consideration of the Motion to Withdraw as Counsel to Plaintiff, and, after a hearing to address

the status of the settlement in this case, **IT IS ORDERED** that the Motion is **GRANTED** and

Jonathan H. Feinberg, Esq., and Susan M. Lin, Esq. are permitted to withdraw as counsel for

Plaintiff Loretta Lopez.

**BY THE COURT:**


_____
**JUAN R. SÁNCHEZ, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORETTA LOPEZ, as** | : | |
| **ADMINISTRATRIX of the ESTATE OF** | : | |
| **VALLIA VALENE KARAHARISIS,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **No. 15-5059** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BUCKS COUNTY; PRIMECARE** | : | |
| **MEDICAL, INC.; KRISTIN SZUCH** | : | |
| **HUI, LPN; MOHAMMAD JAFAR, MD;** | : | |
| **BRITTANIE GRANDINETTE, PA-C;** | : | |
| **CAROL HAFFT, LPN; KRISTIN HILL,** | : | |
| **LPN; JESSICA PADILLA, MED. ASST.;** | : | |
| **HEATHER JOHNSON, RN;** | : | |
| **CORRECTIONAL OFFICER K.** | : | |
| **SPADARO; CORRECTIONAL** | : | |
| **OFFICER A. POMALES; and** | : | |
| **CORRECTIONAL OFFICER R.** | : | |
| **MITCHELL,** | : | |
| | : | |
| **Defendants.** | : | |

## MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF[1]

Plaintiff's counsel, Jonathan H. Feinberg, Esq., and Susan M. Lin, Esq., respectfully

move the Court for permission to withdraw as counsel to Plaintiff Loretta Lopez in this matter

and, in support thereof, assert as follows:

1. This is a civil rights wrongful death and survival action concerning the death of

Plaintiff Loretta Lopez's daughter, Vallia Valene Karaharisis, while incarcerated at Bucks

---

[1] As outlined below, counsel are hopeful that this case will be resolved consistent with the terms of the settlement reached on October 18, 2016. Counsel file this motion seeking withdrawal *only* in the event Plaintiff Loretta Lopez seeks to proceed to trial and in the event the Court permits her to do so.

County Correctional Facility.  The parties completed extensive discovery and submitted voluminous briefing in relation to defendants' motions for summary judgment.

2.      On October 18, 2016, the Court heard oral argument on the defendants' motions for summary judgment.  The Court did not rule on the motions.

3.      Immediately after oral argument, the parties and counsel participated in a settlement conference before the Honorable Marilyn Heffley.  At the conclusion of the conference, the parties reached a settlement.  Undersigned counsel and Ms. Lopez agreed that the settlement was an appropriate resolution of the case.

4.      On Friday, November 4, 2016, undersigned counsel met with Ms. Lopez to review documents related to the settlement, including settlement releases and a petition for Court approval of the settlement.  Ms. Lopez expressed reservations about the settlement and stated that she needed additional time over the weekend to consider her thoughts on the settlement before signing documents to finalize the settlement.

5.      On Tuesday, November 8, 2016, having not heard from Ms. Lopez, undersigned counsel attempted to contact Ms. Lopez by telephone but could not reach her.  Over the next three days, undersigned counsel continued to attempt to reach Ms. Lopez by telephone and by text message.  Ms. Lopez did not respond to counsel's multiple messages.

6.      On November 10, 2016, undersigned counsel hand delivered a letter to Ms. Lopez via messenger service asking that Ms. Lopez contact counsel no later than November 15, 2016 to discuss the status of the settlement.  Ms. Lopez signed an acknowledgment for counsel's messenger service confirming receipt of the letter.

7.      By November 16, 2016, Ms. Lopez had not contacted counsel in response to their letter.  On that date, counsel requested that Magistrate Judge Heffley schedule a conference to

discuss the status of the settlement with counsel and Ms. Lopez.  Magistrate Judge Heffley issued an Order scheduling a conference for November 22, 2016.

8.      Counsel prepared a subpoena requiring Ms. Lopez's attendance at the November 22, 2016 conference.  The subpoena was served by counsel's process server on Ms. Lopez's boyfriend, B.C.[2]

9.      Ms. Lopez and counsel appeared for the conference with Magistrate Judge Heffley on November 22, 2016.  During the conference, Ms. Lopez stated that she did not want undersigned counsel to speak to her and that she did not wish to speak to counsel.  She informed Magistrate Judge Heffley that she was dissatisfied with the settlement.  After lengthy discussion of the merits of the settlement, Magistrate Judge Heffley told Ms. Lopez that she would inform the Court that the case should be reactivated.

10.     Ms. Lopez stated that she did not wish for counsel to contact her by telephone to discuss the scheduling of a hearing.

11.     The Court has scheduled a status conference for November 30, 2016.  Counsel will provide notice of that hearing to Ms. Lopez via text message, hand delivery and first class mail.

12.     Undersigned counsel believe that with time for additional consideration and after a status conference with the Court, Ms. Lopez may choose to act to finalize the settlement reached by the parties on October 18, 2016.

13.     In the event that Ms. Lopez declines to finalize the settlement and confirms her wish to have the case returned to the active docket for a ruling on the pending motions for

---

[2] Counsel spoke with B.C. on November 17, 2016 to confirm that Ms. Lopez had been notified of the conference.  B.C. stated that Ms. Lopez was in fact aware of the conference.  He stated, additionally, that Ms. Lopez instructed him to have no further contact with undersigned counsel and not to accept service of any subpoenas in the future.

summary judgment and, depending on the Court's ruling on those motions, for trial, undersigned counsel are of the professional opinion that they cannot represent Ms. Lopez at trial.

14.     Ms. Lopez has made clear by her actions and her statements to Magistrate Judge Heffley as outlined above that she does not intend to communicate with undersigned counsel. Counsel cannot represent Ms. Lopez consistently with their professional duties without the ability to communicate with their client.  Pa. R.P.C. 1.4.  Further, as a practical matter, counsel cannot reasonably be expected to conduct the trial of a complicated civil rights matter with dozens of critical strategic decisions without the ability to consult their client.

15.     In these circumstances, counsel respectfully submit that if Ms. Lopez declines to finalize the settlement which she agreed to enter, counsel should be permitted to withdraw from the representation of Ms. Lopez.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully request that, should the status conference scheduled for November 30, 2016 not result in a finalization of the negotiated settlement in the matter, the Court grant this motion and permit counsel to withdraw from their representation of Plaintiff Loretta Lopez.

Respectfully submitted,

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg

/s/ Susan M. Lin
Susan M. Lin

KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
(215) 925-4400
(215) 925-5365 (fax)
*Counsel for Plaintiff Loretta Lopez*

DATE: November 22, 2016

**CERTIFICATE OF SERVICE**

I, Jonathan H. Feinberg, hereby certify that on November 22, 2016 the foregoing Motion to Withdraw as Counsel to Plaintiff was filed via the Court's CM/ECF system and served on the following:

Frank A. Chernak, Esq.
Erin R. Clarke, Esq.
Carolyn A. Pellegrini, Esq.
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599

John R. Ninosky, Esq.
Johnson, Duffie, Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA 17043-0109

Additionally, on November 22, 2016, a paper copy of the foregoing Motion to Withdraw as Counsel to Plaintiff was served on Plaintiff Loretta Lopez via hand delivery and regular mail to:

Loretta Lopez
c/o B.C.
2538 South Seventh Street
First Floor
Philadelphia, PA 19148

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg